Phyllis DANNER, on behalf of herself and all others similarly situated, Plaintiffs,

v.

LOUISVILLE GAS & ELECTRIC COMPANY, a Kentucky Corporation and the Public Service Commission, a State Agency, established by Chapter 278 of the Kentucky Revised Statutes, Defendants.

No. 7818-B.

United States District Court, W. D. Kentucky, Louisville Division.

Jan. 17, 1974.

**52**

Kurt Berggren, Legal Aid Society, Louisville, Ky., for plaintiffs.

O. Grant Bruton, Louisville, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

BRATCHER, District Judge.

This action is now before the Court on motion of the defendant, Louisville Gas and Electric Company, to dismiss for the reason that the questions raised by plaintiff are now moot.

Plaintiff, Phyllis Danner, instituted this action on September 25, 1973, individually and on behalf of all other persons similarly situated, seeking to have certain rules, regulations, practices and policies of Louisville Gas and Electric Company (L.G.&E.) and the Public Service Commission of Kentucky dealing with termination for alleged non-payment of bills declared invalid. Plaintiff claims that these rules and regulations are unconstitutional and in derogation of the Due Process Clause of the Fourteenth Amendment, in that the plaintiff and the class she claims to represent have been and are being deprived of their rights without being accorded an opportunity to contest the legality of such terminations. Plaintiff seeks declaratory and injunctive relief.

Jurisdiction is alleged under 28 U.S.C. § 1343, 28 U.S.C. § 1343(3) and (4), 28 U.S.C. § 2201, 28 U.S.C. § 2202 and 42 U.S.C. § 1983.

According to the complaint the plaintiff, prior to August 4, 1973, resided with her husband, Roy L. Danner, at 4614 Southern Parkway, Apartment 3A, Louisville, Kentucky. All bills for gas and electricity were supplied in the name of plaintiff's husband. On August 4, 1973, he deserted her and she has not seen him since. At least, plaintiff and her husband were separated and have since lived continuously separate and apart. In early September a gas and electric bill for $95.44 was sent to Mr. Danner at the above address, indicating that service would be terminated unless the bill was paid.

On September 11, Mrs. Danner's attorney, wrote to the L.G.&E. on behalf of his client as follows:

"Under Kentucky law, the husband is responsible for providing the necessities to the wife, and therefore the husband is responsible under that law and under the fact that he was the named party who had signed for the service. Of course, Mrs. Danner would be responsible for any service after August 4, 1973. I would appreciate it if you would revise her outstanding bill and send her a bill for all service after August 4, 1973. . . . ."

On September 19, 1973, L.G.&E., through its attorney, wrote to plaintiff's attorney and advised:

"I gather that, prior to August 4, 1973, Mrs. Danner was living with Mr. Danner at the premise set forth above, and therefore, with her husband, she was the beneficiary of utility services rendered thereat."

\* \* \* \* \* \*

" . . . Mrs. Danner, as a beneficiary of services rendered at the premise is liable for the payment of said public utility services rendered to her and to her husband. The Company cannot undertake to intrude into the marital status of its customers."

According to the affidavit of plaintiff's attorney, filed of record herein, on September 24 he called counsel for L.G. &E. advising that he intended to file the action. According to the affidavit of defendant's counsel, during this conversation he told plaintiff's attorney that the Company would not terminate Mrs. Danner's gas and electric service over what appeared to be a "good faith dispute". On September 25 an attorney for the plaintiff wrote defendant's counsel as follows:

" . . . could you have your client, The Louisville Gas and Electric Company, determine as best they can what the charge would be for service from August 4th to the present. Once this is done, I feel that Mrs. Danner will make payment on the balance on that date. Thank you in advance for yout [sic] time and consideration."

On September 28, 1973, attorney for defendant wrote to plaintiff's counsel:

"The Company informs me that the estimated amount owed on the account to August 4, 1973, is $70.16, leaving a balance of $61.28, for service since that date."

\* \* \* \* \* \*

" . . . I have instructed the Company not to terminate service at the premises for nonpayment of the bill which accrued prior to August 4, 1973."

On October 5 Mrs. Danner wrote to L.G.&E. as follows:

"I find this total agreeable, and you will find enclosed a check for that said amount for the dates 4 August—28 August and 28 August—27 September.

I thank you for your cooperation."

On October 17 L.G.&E. filed its motion to dismiss this action because of mootness and in its motion states:

" . . . the Company has stated to her counsel, and does hereby state, that Company will not attempt to resolve any controversy over $70.16 owed to it by terminating plaintiff's service. Thus, the gravamen of plaintiff's complaint, which is based upon her allegations of a 'wrongful turnoff' simply does not exist."

The first question to be answered is whether the present action should proceed as a class action. From the foregoing, it is apparent to the Court that no useful purpose would be served by permitting this case to proceed as a class action. As asserted by the defendant in its answer, the alleged class is too vaguely, inadequately and broadly described; and, in addition, the plaintiff is not suited to represent the alleged class of absentee plaintiffs but, more importantly, it is quite obvious that there exists sharply divergent claims and interests among the members of the alleged class and between the class and the plaintiff. Certainly, the unique circumstances surrounding the plaintiff's claims and assertions are not typical of those of the alleged class. In addition, the constitutionality of the rules and regulations under attack herein can be determined whether this action is treated as a class action or as an individual action.

We now turn our attention once more to the question of mootness.

In addition to the foregoing facts, the Court will call attention to the following which is of significance in resolving this question. In his affidavit, plaintiff's attorney stated that he advised Ms. Danner that she should pay the undisputed portion of the bill as she legally owed it and that this would show her good faith and might help her "win her dispute as to the remainder of the bill". He also stated that L.G.&E. was informed of their position. Plaintiff's counsel undoubtedly seized on this procedural legal strategy in order to achieve certain desired results. His efforts were rewarded. This strategy helped Ms. Danner to win her dispute as to the remainder of the bill, as it was designed to do, because eventually L.G.&E. agreed not to pursue the claim any further. However, in the process, this lawsuit was stripped of the last vestiges of a legal controversy. All of the red meat was gone and only the bare bones remain.

It is the Court's firm conviction that under the facts and circumstances of this case there is at present no residual issue or controversy between the parties. Constitutional questions sought to be adjudicated in this forum must exist in the context of a specific, live grievance. In the case of Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491, in an opinion by Chief Justice Warren, it is held:

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

The only other alleged "wrongful turn-off" case to reach the Supreme Court, Northern States Power Company v. Ihrke, 409 U.S. 815, 93 S.Ct. 66, 34 L.Ed.2d 72 (1972) was dismissed precisely on this ground. (See Ihrke v. Northern States Power Company, 328 F.Supp. 404 (U.S.D.C.Minn.1971), affirmed Ihrke v. Northern States Power Company, 459 F.2d 566 (C.C.A. 8th, 1972)). *Accord,* Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969) and Hall v. Beals, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969).

Consistent with the foregoing, it is the Court's judgment that this action shall not be maintained as a class action and that the plaintiff's individual cause of action is now moot; and, accordingly, the entire action is dismissed at the cost of plaintiff.

The Clerk is directed to enter Judgment in accordance herewith.